# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| VICKI SUE SHELBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:25-cv-00727-RK |
| | ) |
| RI RCM, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's Amended Complaint. (Doc. 6.) The Court previously granted Plaintiff leave to proceed *in forma pauperis* and directed Plaintiff to file an amended complaint addressing the pleading deficiencies identified by the Court, including attaching the Charge of Discrimination filed with the EEOC. On February 20, 2026, Plaintiff filed an Amended Complaint, (Doc. 6), and attached a Charge of Discrimination dated June 15, 2023, and an Amended Charge of Discrimination dated February 19, 2024. (Doc. 6-1 at 6-11.)

The Court previously determined that Plaintiff meets the economic eligibility requirements to proceed *in forma pauperis*. (Doc. 3.) Therefore, the Court proceeds to determine whether the Amended Complaint is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). For an in forma pauperis complaint to proceed beyond the Court's initial screening review pursuant to 28 U.S.C. § 1915(e)(2)(B), the complaint "must include 'enough facts to state a claim to relief that is plausible on its face.'" *McNeal v. Nitto, Inc.*, No. 4:19-CV-00125-DGK, 2019 WL 1767575, at *1 (W.D. Mo. Apr. 22, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In the form civil employment discrimination complaint, Plaintiff asserts claims for employment discrimination under Title VII of the Civil Rights Act of 1964 and the Age Discrimination and Employment Act of 1967. Specifically, she alleges claims of failure to promote, retaliation, and harassment/hostile work environment based on her race (African American) and age (Plaintiff indicates that she was born in 1967). (Doc. 6 at 3, 5.) In the narrative attachment to the Amended Complaint, Plaintiff alleges that in at least five instances white

individuals under the age of 50 were promoted "over her." (Doc. 6-1 at 2, 4.) Plaintiff alleges that she "made a complaint to the Defendant's Human Resources Department (DHRD) of hostile work environment and race discrimination in Oct[ober] 2022." (*Id.* at 2.) Plaintiff alleges the actions she endured were: "[g]ave her bad assignments," "snide remarks during meetings," "[b]erated her during meetings," "[w]rongly disapproved of her reports," "[f]ailed to protect her from hostile and racial environments," and "belittled her." (*Id.* at 3.) Defendant conducted an investigation but did not provide any information regarding the findings and closed the case.

Plaintiff was removed "from work with the client and team where the alleged harassment and discrimination occurred" and was told "to apply for a supervisor position on the new team." (*Id.*) However, Plaintiff alleges that when she joined the new team "the Supervisor position disappeared." (*Id.*) Plaintiff alleges that she "applied for a supervisor position with a different team," but "was denied that supervisor position." (*Id.* at 4.) Plaintiff applied for an Operational Manager position in April 2025, interviewed for the position, and "was told that she did not get the position because she was 'lacking.'" (*Id.* at 4-5.) Plaintiff then filed another complaint with Human Resources. (*Id.*) Plaintiff was returned to the original team she left after filing her first complaint for harassment and discrimination. (*Id.*) Plaintiff once again reached out to Human Resources and was removed from that team. (*Id.*) Plaintiff alleges that on February 4, 2026, she was advised to apply for a supervisory position again "but then when Plaintiff went to apply it did not exist."

Plaintiff's form civil employment discrimination Amended Complaint suffers the same factual deficiencies as Plaintiff's initial complaint and fails to state a plausible claim for relief under Title VII or the ADEA for employment discrimination, retaliation, or harassment/hostile work environment based on her race or age. To state a claim for employment discrimination based on a failure-to-promote theory, for example, a plaintiff must allege facts plausibly showing that (1) she is a member of a protected group, (2) she was qualified for and applied for a promotion to an available position, (3) she was not promoted, and (4) "a similarly situated candidate, not part of the protected group, was promoted instead." *Young v. Time Warner Cable Cap., L.P.*, 443 F. Supp. 2d 1109, 1125 (W.D. Mo. Aug. 1, 2006). While Plaintiff alleges generally that five white and younger employees were promoted "over her," it is not clear whether any of these individuals were

promoted to the supervisor/operational lead positions to which Plaintiff had attempted to apply or had applied to.[1]

"To establish retaliation under . . . Title VII . . . , a plaintiff must prove (1) he engaged in statutorily protected activity, (2) suffered an adverse employment action, and (3) that the engagement in a protected activity is the but-for cause of the adverse employment action." *See Warren v. Kemp*, 79 F.4th 967, 973 (8th Cir. 2023). Plaintiff fails to allege any facts suggesting a cognizable Title VII retaliation claim. Plaintiff does not allege any facts suggesting how being removed from a team, at her request to Human Resources, and placed on another team without promotion constitutes unlawful employment discrimination or retaliation based on her race or age.

Finally, it is not clear on what basis Plaintiff alleges a claim for harassment or hostile work environment. Plaintiff generally alleges that "Plaintiff was being harassed and/or racially or sexually discriminated against," (Doc. 6-1 at 2), and that the "harassment and discrimination continued," (*id.* at 3), but these are merely "bare recitations" of the elements of a harassment or discrimination claim under Title VII "which on their own are insufficient to support a plausible claim for relief." *Bass v. Univ. of Ark. Sys.*, No. 5:12-cv-00286-KGB, 2015 WL 5712850, at *6 (E.D. Ark. Sept. 29, 2015) (citing *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")).

Accordingly, the Court **ORDERS** that Plaintiff's Amended Complaint is **DISMISSED without prejudice** pursuant to the Court's initial screening review pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: February 26, 2026

---

[1] The Court also notes that Plaintiff's allegations regarding the April 2025 and February 2026 attempts to apply for promotions occurred after Plaintiff filed her Charge of Discrimination, and the latter occurred after Plaintiff was given a Right to Sue letter from the EEOC. Thus, as to those claims of failure to promote, it appears that they have not been administratively exhausted. *See Simmons v. Directory Distrib. Assocs.*, No. 4:04-cv-674-CAS, 2005 WL 8176848, at *2 (E.D. Mo. Jan. 7, 2005) ("The decision not to promote [i]s a discrete event completed at the time of the promotion."). In other words, Plaintiff's earlier allegations of failure to promote are discrete events considered in her EEOC complaint, but the subsequent attempts to apply for promotion were not necessarily encompassed by that complaint.